UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GODFREY JELKS, AS INDIVIDUAL
AND EXECUTOR OF THE ESTATE
OF THE ESTATE OF EVAT CLARK

                            Plaintiff,

        -against-                                    **MEMORANDUM AND ORDER**
                                                     13-CV-2995 (RRM) (LB)

MENORAH HOME AND HOSPITAL
FOR THE AGED AND INFIRM;
FEDERMAN & MARCUS ATTORNEY;
GREEN TREE CREDIT; GRACE COLSEN,
SPECIAL GUARDIAN; ANTON BROWN;
BROOKDALE HOSPITAL; WARTBURG
LUTHERAN NURSING HOME;
MICHAEL JELKS,

                            Defendants.

------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge:

        On May 21, 2013, plaintiff Godfrey Jelks filed this *pro se* action.  (Compl. (Doc. No. 1.)

Plaintiff paid the requisite filing fee to bring this action.  For the reasons discussed below, the

complaint is dismissed for lack of subject matter jurisdiction.

                                **BACKGROUND**

        Plaintiff has filed a disjointed, rambling complaint that goes on for 145 pages.  The Court

notes that on September 20, 2006, plaintiff filed a similar complaint, which was dismissed for

lack of subject matter jurisdiction on November 27, 2006.  *See Jelks v. Lutheran*, 06-CV-5093

(ARR) ("Prior Action").  Plaintiff files suit "as individual" and as executor of the estate of his

late aunt Eva T. Clark ("Ms. Clark"), arguing, *inter alia,* that his aunt, who suffered from

Alzheimer's disease, received improper medical care while she was a resident at Menorah Nursing Home ("Menorah") and Wartburg Lutheran Home For The Aging ("Wartburg").[1] Ms. Clark passed away in Menorah on August 27, 2005. (Compl. at 2.) As in his prior action, plaintiff makes detailed references to numerous lawsuits that were previously filed and disposed of in state court related to Ms. Clark's estate and her medical care and expenses. In the prior action as well as the instant action, plaintiff also alleges that the defendants conspired to illegally acquire Ms. Clark's assets.[2] Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Although plaintiff is proceeding *pro se,* and his complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he must nonetheless establish that the Court has subject matter jurisdiction over his action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed.R.Civ.P. 12(h)(3).

---

[1] At the outset, the Court notes that plaintiff is barred from proceeding *pro se* in this action to litigate any claims on behalf of Ms. Clark's estate because the Second Circuit has held that "an administrat[or] or execut[or] of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). The Second Circuit reasoned that "when an estate has beneficiaries or creditors other than the administrat[or] or execut[or], the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." *Id.* (quotation and internal citation omitted).

[2] The facts are set forth in detail in Judge Ross's October 12, 2006 and November 27, 2006 Orders, familiarity with which is assumed. *See Jelks v. Lutheran*, 06-CV-5093 (ARR) (Doc. Nos. 4, 7.) In the instant complaint, plaintiff adds references to state court proceedings that occurred subsequent to the dismissal of plaintiff's prior action, but those additional facts are of no consequence to the analysis here.

## DISCUSSION

The subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). Section 1331 provides for federal question jurisdiction and § 1332 for jurisdiction based on diversity of citizenship. *Id.* A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.* (citing § 1332(a)). Here, plaintiff cannot invoke diversity jurisdiction because the parties lack complete diversity of citizenship. Plaintiff's complaint also fails to present a federal question. Instead, plaintiff's complaint essentially offers a blow-by-blow recitation of the facts and procedural history in the numerous state court actions involving Ms. Clark's estate.

Moreover, as it appears that plaintiff brings the instant complaint as a means to challenge or re-litigate the orders of the state courts, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction in this matter. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine applies when a plaintiff complains in federal court of injuries that are caused by a state-court judgment). In *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the *Rooker–Feldman* doctrine in light of *Exxon*. First, "the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal quotations omitted). Here, all four requirements are met. It is clear that plaintiff cannot prevail in his claims against defendants without demanding that this Court reject and reverse the decisions of the state courts, thus implicating the *Rooker-Feldman* doctrine. Accordingly, this Court lacks subject matter jurisdiction to hear plaintiff's claims. *Morris v. Sheldon J. Rosen, P.C.*, No. 11 CV 3556, 2012 WL 2564405, at *4-5 (E.D.N.Y. July 2, 2012).

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3); *Fitzgerald*, 221 F.3d at 364. All claims on behalf of Ms. Clark's estate are dismissed without prejudice.

Plaintiff is cautioned not to file repetitious and duplicative actions in this Court as such conduct may result in sanctions, including but not limited to monetary sanctions and/or a bar on filing future actions.

Although plaintiff paid the filing fee to bring this action, if he requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order and the accompanying judgment to plaintiff, and close the file.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
      August 5, 2013